UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ x
                                                    :

RASHEEN SANDERS, *pro se*,

                Plaintiff,          **MEMORANDUM AND ORDER**

      - against -

                                                    07cv3893 (DLI)(LB)

New York City Police Department, KEVIN
RODGERS, ANTHONY RIVELLI,

                Defendants.

------------------------------------ x

RASHEEN SANDERS, *pro se*,

                Plaintiff,

      - against -                                 07cv4092 (DLI)(LB)

New York City Police Department; KEVIN
RODGERS; ANTHONY RIVELLI; Detective
PEMBLETON; NICOLE BELLINA; Stoll,
Glickman & Bellina, LLP; Unidentified Federal
ATF Agents; and Assistant United States Attorney
DAVID BITKOWER,

                Defendants.

------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

      On August 30, 2007 and September 18, 2007, plaintiff Rasheen Sanders, a federal prisoner incarcerated at the United States Penitentiary in Canaan, Pennsylvania, filed successive *pro se* actions. Both actions are based on alleged misconduct of defendants in the course of plaintiff's arrest, prosecution and conviction for weapons possession. The first complaint names two police officers and the New York City Police Department as defendants and seeks damages under 42 U.S.C. § 1983. The second complaint, also labeled a "motion to amend proceeding pursuant to Civil Rule 15(a)," names the same defendants from the first action along with a police detective, unidentified federal

agents, the Assistant United States Attorney who prosecuted plaintiff's criminal offense, plaintiff's defense counsel at trial and her law firm. The second action seeks damages under 42 U.S.C. §§ 1985 and 1986. The court consolidates these two actions for the purpose of this Order, grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and for reasons set forth below, dismisses both complaints for failure to state a claim upon which relief can be granted.

**Background**

The plaintiff was convicted after trial by jury in this district of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced by the trial judge, the Honorable Charles P. Sifton, to 92 months of imprisonment on February 9, 2006. See Judgment at 2, United States v. Sanders, No. 05cr490 (CPS), (E.D.N.Y. Mar. 29, 2006). Plaintiff was represented by Nicole Bellina of the law firm of Stoll & Glickman LLP. The government was represented by Assistant United States Attorney David Bitkower. On June 4, 2007, the United States Court of Appeals for the Second Circuit affirmed the conviction. See United States v. Sanders, Mandate, No. 06-1532-cr (2d Cir. June 4, 2007).

In the first action, which seeks only damages under 42 U.S.C. § 1983, plaintiff accuses police officers Kevin Rodgers and Anthony Rivelli of violating his civil rights when they arrested him on June 11, 2005 in the Bronx. This arrest resulted in his conviction on February 9, 2006. Plaintiff alleges that the two officers, dressed in plainclothes, suddenly emerged from a vehicle with their guns drawn, causing Plaintiff to flee out of fear. The officers gave chase, and Plaintiff relates that he stopped when he heard a loud gunshot in close proximity and was arrested by the officers. Plaintiff contends that the arrest was made without probable cause and that he was "set-up" by the officers who

had fired the shot. (07cv3893 Complaint at 2).[1]

In the second action, plaintiff names defendants Rodgers and Rivelli and adds Detective Pembleton, unidentified Bureau of Alcohol Tobacco and Firearms agents, the Assistant United States Attorney who prosecuted his case, his defense attorney and her law firm. He accuses these individuals of conspiring to violate his constitutional rights and seeks damages pursuant to 42 U.S.C. §§ 1985 & 1986. (07cv4092 Compl. at 1 & 4). The allegations of rights violations include false arrest by the police officers (Id. at ¶¶ 1-5), malicious prosecution, witness intimidation by detectives, ATF agents and the U.S. Attorney (Id. at ¶¶ 6-11), ineffective assistance of counsel by his counsel (Id. at ¶¶ 13-16), and fraudulent conduct by her law firm in the course of his defense. (Id. at ¶ 16).

**Discussion**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and he is granted permission to proceed *in forma pauperis*. However his complaints are dismissed pursuant to 28 U.S.C. §§ 1915A(b) & (e)(2)(B).

Under 28 U.S.C. § 1915A, the court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a complaint filed *in forma pauperis* if the court determines that the action is "(i) is frivolous or malicious; (ii) fails to state a

---

[1] The trial record indicates that the defendant was accused of pulling a loaded firearm from his waistband and throwing it into the street, while running away from the police officers. The gun fired when it landed in the street, near dozens of people in the vicinity, on the eve of the Puerto Rican Day Parade. Trial Transcript at 40, 51-53, United States v. Sanders, No. 05cr490 (CPS), (E.D.N.Y. Mar. 29, 2006).

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001).

In evaluating the complaint, the court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir.1999). As plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). But to survive dismissal, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. ----, ---,127 S.Ct. 1955, 1965,167 L.Ed.2d 929, 940 (2007)(citations omitted).

**Section 1983 Claim**

Section 1983 permits a plaintiff to sue for money damages if he can "establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 485 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983." Id. (emphasis in original). When a prisoner such as plaintiff here seeks damages in a Section 1983 suit, the U.S. Supreme Court instructs district courts to consider "whether a judgment in favor of the plaintiff would

4

necessarily imply the invalidity of his conviction or sentence." Id. If the answer is yes, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. "If the plaintiff is ultimately convicted, and if the . . . civil suit would impugn that conviction, Heck will require dismissal." Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007).

Here, plaintiff alleges that the two named police officers violated his Fourth Amendment constitutional rights when they pursued and arrested him with "malicious intent." Plaintiff was ultimately convicted and sentenced as a result of the arrest. If plaintiff's allegations were true, proof of his illegal seizure would impugn his conviction. In light of this consequence, plaintiff must show that his conviction and sentence has been invalidated to maintain his § 1983 claim. However, plaintiff has not alleged that his conviction has been reversed or otherwise called into question. In fact he could not do so, for his conviction was affirmed on appeal. See United States v. Sanders, Mandate, No. 06-1532-cr (2d Cir. June 4, 2007). As such, his claim for damages under Section 1983 is not legally cognizable and therefore is dismissed for failure to state a claim.

**Section 1985 and 1986 Claims**

Section 1985 prohibits conspiracies to interfere with civil rights. The plaintiff's allegations fail to comport with the requirements of 42 U.S.C. § 1985(1), (2) or (3). Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties. Section 1985(2) generally prohibits conspiracies aimed at deterring witnesses from participating in either federal or state judicial proceedings. See Chahal v. Paine Webber Inc., 725 F.2d 20, 23 (2d Cir.1984). Neither of these sections are applicable to the plaintiff's claims.

To maintain a claim of conspiracy under Section 1985(3), plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in

5

furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000) (quotation omitted). The conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." Palmieri v. Lynch, 392 F.3d 73, 86 (2d Cir. 2004) (internal quotation marks omitted). Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).

Plaintiff's complaints fail to state a claim for relief under Section 1985(3) in two general respects.[2] First, Section 1985 claims are also subject to the Heck rule. See Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999)(finding that the Heck rule extends to prisoner claims for money damages under 42 U.S.C. §§1985 & 1986). The factual allegations supporting plaintiff's 1985(3) claim all implicate the validity of his conviction and sentence. He accuses the police officers of having malicious intent to arrest him without probable cause, the detective and prosecutor of withholding evidence, and his defense attorney and law firm of ineffective assistance of counsel. Each of these accusations, if proven, would impugn the validity of his conviction. He has not shown that his

---

[2]Plaintiff's claims would also fail against defendants who are protected by absolute or qualified immunity. See e.g., Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006) ("A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages.") (internal citations and quotations omitted); and Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997)(holding that court-appointed defense counsel who perform traditional functions as counsel do not act 'under color of state law' and therefore are not subject to suit under § 1983). The court is also mindful that determinations of qualified immunity may require "particularized inquiries into the circumstances relevant to individual defendants," and finds such determinations to be unwarranted and unnecessary here. See Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999). See also Colon v. Sawyer, 2006 WL 721763 (N.D.N.Y. 2006) (citing Peck v. United States, 470 F.Supp. 1003, 1013 (S.D.N.Y. 1979)(noting that Sections 1985(3) and 1986, unlike Section 1983, do not depend on a showing of action taken under color of state law, and therefore may be applied against individuals who are otherwise immune under the state action doctrine).

conviction has been invalidated. Accordingly, his Section 1985(3) claim is barred by the Heck rule.

Second, plaintiff has not satisfied the pleading requirements under Section 1985(3) as he has not alleged a conspiracy to violate his equal protection rights motivated by invidious racial or class based discrimination. Plaintiff's second complaint, which raises his Section 1985 claim, contains no reference to race or class. It sets forth no allegation of racially motivated conspiracy by any of the defendants. The only mention of race plaintiff makes in his pleadings is in his first complaint, as he seeks compensation for "being scrutinized as a 'Gang-Member' or any other category that a young Black/Hispanic male is placed." However, he provides no facts to suggest any racial or class-based animus on the part of any defendants. (07cv3893 Compl. at 4). The factual allegations contained in the two complaints are insufficient to state a claim for Section 1985(3) relief. See Gyadu v. Hartford Insurance Company, 197 F.3d 590, 591 (2d Cir. 1999) ("Vague references to some conspiracy and hints at some tenuous link between this conspiracy and fact that plaintiff was [of a certain race] are insufficient to state claim for conspiracy to deprive plaintiff of his civil rights.").

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985. Hence, a Section 1986 claim is contingent on a valid Section 1985 claim. Since plaintiff has not made a valid Section 1985 claim, he does not have a Section 1986 claim. Graham v. Henderson, 89 F.3d 75, 82 (2d Cir.1996). See also Dwares v. New York, 985 F.2d 94, 101 (2d Cir.1993) ("Liability under § 1986 . . . is dependent on the validity of a claim under § 1985.") (citation omitted).

**Conclusion**

For the reasons set forth above, the two complaints, filed *in forma pauperis*, are dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). Dismissal of claims pursuant to the Heck rule is without prejudice to refiling if the underlying judgment of conviction is invalidated. The court

7

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 12, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ x
RASHEEN SANDERS, *pro se*,          :
                                     :
                    Plaintiff,       :         **CIVIL JUDGMENT**
        - against -                  :
                                     :         07cv3893 (DLI)(LB)
New York City Police Department, KEVIN :
RODGERS, ANTHONY RIVELLI,            :
                                     :
                    Defendants.      :
                                     :
------------------------------------ x
                                     :
RASHEEN SANDERS, *pro se*,           :
                    Plaintiff,       :
                                     :
        - against -                  :         07cv4092 (DLI)(LB)
                                     :
New York City Police Department; KEVIN :
RODGERS; ANTHONY RIVELLI; Detective  :
PEMBLETON; NICOLE BELLINA; Stoll,    :
Glickman & Bellina, LLP; Unidentified Federal :
ATF Agents; and Assistant United States Attorney :
DAVID BITKOWER,                      :
                                     :
                    Defendants.      :
------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

Pursuant to the court's order issued on December 12, 2007 dismissing these two complaints filed pursuant to 42 U.S.C. §§ 1983, 1985, 1986, it is hereby

**ORDERED, ADJUDGED AND DECREED:** That these two complaints are hereby dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from the order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

Dated: Brooklyn, New York
       December 12, 2007

                                   _____/s/_____
                                   DORA L. IRIZARRY
                                   United States District Judge